UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARINA VILLAFUERTE,

Plaintiff,

v.

AMAZON.COM, INC.,

Defendant.

Case No. 2:25-cv-217

NOTICE OF REMOVAL

TO: The Clerk, United States District Court
for the Western District of Washington at Seattle

**A. Introduction**

Defendant Amazon.com, Inc., ("Amazon"), is a party to the entitled civil action (the "Action") commenced on January 2, 2025, and still pending in the Superior Court of the State of Washington for King County, as Case No. 25-2-00090-7 SEA (the "Action"). Through this Notice, Amazon prays that this Action be removed to this Court from the Superior Court of the State of Washington for King County. Amazon is the only named defendant in the Action.

By filing this Notice, Amazon does not concede any allegation, assertion, claim, or demand for relief in the Class Action Complaint ("Complaint") filed by plaintiff Karina Villafuerte ("Villafuerte") in the Action, and Amazon expressly denies that it is liable under any of the causes of action asserted in the Complaint.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Sidley Austin LLP**
1501 K Street, NW
Washington, DC 20005
Phone: 202.736.8000
Fax: 202.736.8711

**B.     The State Court Action**

Villafuerte filed the Complaint in the Superior Court of Washington for King County (Case No. 25-00090-7 SEA) on January 2, 2025. *See* Ex. A.

Villafuerte brings this case as a putative class action (*id.* ¶7), seeking to represent "[a]ll persons residing in the contiguous United States who were enrolled in Amazon Prime while residing in any Underserved Zone (except those areas in the District of Columbia) within the four years before the filing of this complaint." *Id.* ¶ 67. Villafuerte defines "Underserved Zone" as any ZIP code, region, or neighborhood that Amazon excluded from Amazon DSP delivery service during the period of such exclusion." *Id.*

Villafuerte brings three counts against Amazon under the Washington Consumer Protection Act, RCW 19.86. The first two counts allege that Amazon engaged in unfair and deceptive acts or practices in its marketing and sale of Amazon Prime memberships to persons in so-called Underserved Zones, and the third count seeks injunctive relief under the Act.

For relief, Villafuerte seeks the following on behalf of herself and putative class members: (1) an order certifying the Complaint's proposed class under Civil Rule 23, designating Villafuerte as Class representative, and appointing Villafuerte's counsel as counsel for the class; (2) injunctive and declaratory relief "declaring Amazon's unfair or deceptive acts or practices unlawful, and enjoining Amazon from engaging in each of the unfair and deceptive acts or practices set forth herein"; and (3) a recovery of actual damages, treble damages, attorneys' fees, costs, and any such further relief as the Court may deem proper. Ex. A ¶¶ 86, 87, 99, 100.

**C.     This Class Action Is Removable Under The Class Action Fairness Act of 2005**

This Action is removable under 28 U.S.C. §§ 1441(a) because this Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §§ 1332(d).

Under CAFA, a defendant may remove a putative class action if: (A) there are at least 100 putative class members; (B) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (C) there is minimal diversity of citizenship. *See id.* §§ 1332(d)(2) and

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Sidley Austin LLP**
1501 K Street, NW
Washington, DC 20005
Phone: 202.736.8000
Fax: 202.736.8711

1332(d)(5)(B). Because all those requirements are met, and because Amazon has met all other applicable requirements, the Action is removable under CAFA.

**1. There are at Least 100 Putative Class Members**

This is a putative class action under CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B). Villafuerte filed the Action under Washington Superior Court Civil Rule 23 ("Civil Rule 23"). *See* Ex. A ¶ 5.1. Civil Rule 23 states that "[o]ne or more members of a class may sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Wash. Super. Ct. Civ. R. 23(a). The requirements for class certification under Civil Rule 23 parallel those of Federal Rule of Civil Procedure 23. *Compare* Wash. Super. Ct. Civ. R. 23 *with* Fed. R. Civ. P. 23.

Villafuerte proposes a class of "[a]ll persons residing in the contiguous United States who were enrolled in Amazon Prime while residing in any Underserved Zone (except those areas in the District of Columbia) within the four years before the filing of this complaint," and defines "Underserved Zone" as any ZIP code, region, or neighborhood that Amazon excluded from Amazon DSP delivery service during the period of such exclusion." *Id.* ¶ 67. Villafuerte further alleges that, upon information and belief, "the Class consists of at least thousands of Prime members residing in Underserved Zones dispersed throughout the contiguous United States" during the preceding four years. Ex. A at ¶¶ 67, 70.

Villafuerte's Complaint offers twenty-two zip codes as examples of Underserved Zones, though the Complaint makes clear that the putative class is not limited to these zip codes. *Id*. at ¶ 69. There are currently 154,849 Prime members in these 22 zip codes identified in the complaint.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Sidley Austin LLP**
1501 K Street, NW
Washington, DC 20005
Phone: 202.736.8000
Fax: 202.736.8711

*See* Declaration of Rebecca Hartley in Support of Notice of Removal ("Hartley Decl.") at ¶ 3. The putative class therefore includes far more than 100 members. Accordingly, while Amazon does not concede that Villafuerte's proposed class is certifiable, lawful, or otherwise proper, and while Amazon expressly reserves the right to raise all arguments and defenses to Villafuerte's allegations, including his class certification allegations, the alleged class includes at least 100 members for purposes of removal under CAFA.

**2. The Amount in Controversy Exceeds $5 Million**

To remove under CAFA, a removing party may aggregate the claims of the putative class to determine if the amount in controversy exceeds $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). The removing party bears the burden to establish the amount in controversy; there is no presumption against removal for cases removed under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (explaining there is "no antiremoval presumption" in CAFA cases; Congress enacted CAFA to expand access to federal court); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged.").

"[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. A removing party may rely on reasonable assumptions. *La Cross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." (quotations and citations omitted)).

Here, there is no question that Villafuerte's damages claim exceeds $5 million. Because Villafuerte alleges that Prime members who reside in an Underserved Zone "are harmed … by overpaying for Prime," Ex. A ¶ 54, damages sought by Villafuerte in this case will, at a minimum, include some percentage of what each class member has paid for Prime during the preceding four

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Sidley Austin LLP**
1501 K Street, NW
Washington, DC 20005
Phone: 202.736.8000
Fax: 202.736.8711

years. Amazon's Prime membership generally costs $139.00 per year or $14.99 per month. *See* Ex. A ¶¶ 4, 57; [Amazon] Decl. at ¶ 5. As noted, there are currently 154,849 Prime members in the 22 zip codes identified in the Complaint. *Id.* at ¶ 3. Therefore, even assuming each Prime member in the 22 identified zip codes can recover only $35 (*i.e.* 25% of a single annual Prime membership), that would exceed $5 million.

Villafuerte has also made clear that the putative class extends beyond those 22 zip codes and seeks damages for residents in so-called Underserved Zones across the country in each of the preceding 4 years. Ex. A ¶¶ 67, 70. Moreover, the Complaint seeks both *treble* damages and attorneys' fees. *Id.* ¶ 86; *see Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018) (holding that future attorneys' fees may be included when calculating the amount in controversy); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (holding that a 25% recovery is the "benchmark" level for reasonable attorneys' fees in class action cases).

In sum, the amount in controversy unquestionably exceeds the requisite $5 million. Amazon does not concede, however, that Villafuerte or any putative class member is entitled to any damages or other relief or concede that Amazon is liable for any conduct alleged in this Action.

### 3. There is Minimal Diversity

CAFA requires the removing party to show that one putative class member is a citizen of a different state than one defendant. *See* 28 U.S.C. § 1332(d)(2)(A); *see also United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that CAFA broadens diversity jurisdiction for class actions by requiring only minimal diversity).

<u>Amazon's Citizenship</u>. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). A company's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

Amazon.com, Inc. is headquartered in Seattle, Washington and maintains a principal place

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Sidley Austin LLP**
1501 K Street, NW
Washington, DC 20005
Phone: 202.736.8000
Fax: 202.736.8711

of business at 410 Terry Avenue North, Seattle, Washington 98109. *See* Ex. A ¶ 12; Hartley Decl. at ¶ 4. Amazon is organized and existing under the laws of Delaware. *See id.*

Accordingly, Amazon is a citizen of Delaware and Washington State.

Diverse Citizenship of a Putative Class Member. A person's citizenship is determined by their domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is their permanent home where they intend to remain or return. *Id.* A person's residence is *prima facie* evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

Here, Villafuerte resides in Chicago, Illinois. Ex. A ¶ 11.

Therefore, at least one member of the putative class is a citizen of a different state (Illinois) from Amazon (Washington and Delaware). As a result, diversity jurisdiction exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

**4. No Exceptions Apply**

None of CAFA's exceptions bars removal. Section 1332(d)(4) requires a federal court to decline jurisdiction over a class action when, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," and at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed class . . . is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two-thirds or more of" the class members and "the primary defendants . . . are citizens of the State in which the action was originally filed"). Section 1332(d)(4) does not apply here because Villafuerte is a citizen of Illinois (Ex. A ¶ 11)—not a citizen of Washington, where the Action was initially filed. Moreover, she does not allege that two-thirds or more of the putative class members are citizens of Washington. Section 1332(d)(5)(B) requires a court to decline jurisdiction when the number of class members is less than 100. Here, Villafuerte alleges a putative class of at least 1,000 members. *See* Ex. A ¶¶ 67, 70. Finally, Sections 1332(d)(9) and

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Sidley Austin LLP**
1501 K Street, NW
Washington, DC 20005
Phone: 202.736.8000
Fax: 202.736.8711

1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(9), 1453(d). Those provisions are inapplicable here because Villafuerte's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934. Nor do they involve state-centric corporate governance issues.

**5. Propriety of Removal to this Court**

The Action is removable to this Court under 28 U.S.C. § 1441 because this Court would have had original jurisdiction over Villafuerte's claims had Villafuerte elected to file the Action initially in federal court. This Court is the United States District Court for the district and division embracing the place where the Action is pending—King County, Washington—and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

**6. Receipt of Initial Pleading and Timeliness of Removal**

By service upon it on January 6, 2025, Amazon first received a copy of the Summons and Complaint in the state-court action. This Notice is filed within thirty (30) days of such receipt as required by 28 U.S.C. § 1446(b)(1), (2)(B).

**7. The State-Court Complaint and Other Pleadings**

Attached to this Notice as Exhibit A is a true copy of the Complaint which Villafuerte filed in the Action. All other process, pleadings, or orders filed in the Action will be filed, together with the verification of Amazon's counsel, within 14 days of the filing of this Notice, as required by the Local Rules of this Court.

**8. No Waiver and Reservation of Rights**

Amazon has not filed any responsive pleading or motion in the Action. The time in which Amazon is required to answer or otherwise respond to the Complaint has not elapsed. By filing this Notice, Amazon does not waive any defense available to it, including but not limited to any objections to service of process, personal jurisdiction, or venue, and Amazon reserves all rights and waives none, including but not limited to the right to bring a motion to dismiss Villafuerte's claims under Rule 12 of the Federal Rules of Civil Procedure.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Sidley Austin LLP**
1501 K Street, NW
Washington, DC 20005
Phone: 202.736.8000
Fax: 202.736.8711

Amazon reserves the right to amend or supplement this notice of removal.

Accordingly, Amazon respectfully requests that the Action proceed before this Court as an action properly removed from the Superior Court of Washington for King County to the United States District Court for the Western District of Washington.

Dated: February 4, 2025

By: s/ Charles C. Sipos
Charles C. Sipos, WSBA No.32825
CSipos@perkinscoie.com

By: s/ Ellie F. Chapman
Ellie F. Chapman, WSBA No. 55881
EChapman@perkinscoie.com

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000

**Sidley Austin LLP**
Benjamin M. Mundel (*pro hac vice forthcoming*)
bmundel@sidley.com
Manuel Valle (*pro hac vice forthcoming*)
manuel.valle@sidley.com
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: 202.736.8000

Amy P. Lally (*pro hac vice forthcoming*)
alally@sidley.com
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 310.595.9500

David R. Carpenter (*pro hac vice forthcoming*)
drcarpenter@sidley.com
350 S. Grand Avenue
Los Angeles, CA 90071
Telephone: 213.896.6000

*Attorneys for Defendant Amazon.com, Inc.*

NOTICE OF REMOVAL – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Sidley Austin LLP**
1501 K Street, NW
Washington, DC 20005
Phone: 202.736.8000
Fax: 202.736.8711

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on February 4, 2025, I caused the foregoing NOTICE OF REMOVAL to be served by the method(s) indicated:

Blythe H. Chandler
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Ste. 300
Seattle, WA 98103
Telephone: (206) 816-6603
*bchandler@terrellmarshall.com*

___ Via hand delivery
_X_ Via U.S. Mail, 1st Class, Postage Prepaid
___ Via Overnight Delivery
___ Via Facsimile
_X_ Via Email
___ Other: ____________________

Kristen Simplicio
Laura E. Older
**CLARKSON LAW FIRM, P.C.**
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 998-2299
*ksimplicio@clarksonlawfirm.com*
*lolder@clarksonlawfirm.com*

___ Via hand delivery
_X_ Via U.S. Mail, 1st Class, Postage Prepaid
___ Via Overnight Delivery
___ Via Facsimile
_X_ Via Email
___ Other: ____________________

Cody Laux
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Hwy
Malibu, CA 90265
Telephone: (213) 788-4050
*claux@clarksonlawfirm.com*

___ Via hand delivery
_X_ Via U.S. Mail, 1st Class, Postage Prepaid
___ Via Overnight Delivery
___ Via Facsimile
_X_ Via Email
___ Other: ____________________

Dated: February 4, 2025

By: *s/ Charles C. Sipos*
Charles C. Sipos, WSBA No.32825
CSipos@perkinscoie.com

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Sidley Austin LLP**
1501 K Street, NW
Washington, DC 20005
Phone: 202.736.8000
Fax: 202.736.8711